UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.3:03CR00032 (PCD) |
| v. | |
| GARY MILLS | September 14, 2006 |

### GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

The Government respectfully requests that the Court ask the following questions of the petit jury panel during jury selection in the captioned criminal case.

1. Do you, a member of your family, or a close friend know the prosecutor in this case, Karen L. Peck?

2. The following attorneys, in addition to Ms. Peck, are Assistant United States Attorneys responsible for handling criminal and civil matters on behalf of the United States of America:

<u>Hartford Assistant United States Attorneys</u>

William A. Collier
John A. Danaher, III
Thomas V. Daily
Nora R. Dannehy
Anastasia King
James G. Genco
Carolyn A. Ikari
Brian P. Leaming
Lisa E. Perkins
Deborah R. Slater
Robert M. Spector
Geoffrey M. Stone
S. David Vatti

<u>New Haven Assistant United States Attorneys</u>

William Brown
Patrick Caruso
Edward Chang
John H. Durham
James I. Glasser
Eric J. Glover
Sandra S. Glover
Michael J. Gustafson
H. Gordon Hall
John B. Hughes
Peter S. Jongbloed
Edward T. Kang
Anthony E. Kaplan
Keith King
Henry K. Kopel
Calvin B. Kurimai
Peter D. Markle
John Marrella
Michael McGarry
Raymond Miller
Richard Molot
Douglas Morabito
William Nardini
Lauren M. Nash
Kevin J. O'Connor
Mark D. Rubino
David A. Ring
Michael E. Runowicz
Christopher (Kit) Schmeisser
Christine L. Sciarrino
David J. Sheldon
Victoria S. Shin
Alan M. Soloway
David X. Sullivan
Julie Turbert


<u>Bridgeport Assistant United States Attorneys</u>

Harold H. Chen
Felice Duffy

James K. Filan
James J. Finnerty
Brenda Moss Green
Alex V. Hernandez
Paul A. Murphy
Ann M. Nevins
Krishna R. Patel
Alina Marquez Reynolds
Stephen B. Reynolds
Richard J. Schechter
James R. Smart

Does anyone know any of these individuals professionally or socially?

3. Does anyone know the defendant, Gary Mills? Does anyone know anyone who is related to the defendant?

4. The defendant is represented by Attorney Richard Cramer. Does anyone know Mr. Cramer professionally or personally?

5. Do you know any of the following persons whose testimony you may hear or whose names may be mentioned during the trial:

[*Government counsel will read list of names*]

Do you know any of these individuals professionally or socially?

6. The defendant is charged with Possession of Firearm by a Convicted Felon. The indictment is not evidence of the defendant's guilt or innocence, and simply sets forth the charges against the defendant. Do you believe that, because of the nature of these charges, you would be unable to judge the facts of the case fairly or impartially?

7. I expect that you will hear evidence that the gun alleged to be possessed by Mr. Mills was used by someone else, one Arnold Bell, in connection with the shooting of New Haven Police Officer Robert Fumiatti which occurred on June 13, 2002, in the Hill section of New

Haven in the vicinity of Washington, West and Hurlbert Streets in New Haven, Connecticut.  Is anyone aware of this incident?  Is anyone familiar with this area of New Haven, Connecticut?

8. Have you, any member of your family, or a close friend ever been a victim of a crime?  If so, would that experience prevent you from following the Court's instructions on the law or make it difficult for you to sit as a fair and impartial juror?

9. Have you, any member of your family, or a close friend ever been charged with, convicted of, or investigated concerning a criminal offense, other than minor traffic violations?

10. Is a criminal case, not including minor traffic violations, pending against you, any member of your family, or a close friend?

11. Have you, any member of your family, or a close friend ever been involved in a civil suit or case involving the United States Government?

12. Do you harbor any ill feelings toward local, state, or federal law enforcement agents?

13. The investigation of this case was primarily conducted by detectives and officers with the New Haven Department of Police Services ("NHPD") and Federal Bureau of Investigation ("FBI").  However, members of the Connecticut Department of Public Safety Forensics Science Laboratory, the Bureau of Alcohol, Tobacco, Firearms, and Explosives and the Connecticut State Police also participated in this investigation.  Have you or any members of your family, or any of your close friends, to the best of your knowledge, had any experience with any of those agencies or any other federal, state or local law enforcement agency that would or could affect your ability to listen to the evidence and render an impartial verdict?

14. Would you be able to follow the Court's instructions on the law in this case even if you thought the law should be interpreted differently?

15. Do you feel that, upon listening to the evidence, you could render a verdict which is completely fair to both the Government and the defendant?

16. Do any of you have relatives or close friends who are lawyers or law students?

17. Do you have any physical or medical problems that would make it difficult for you to sit as a juror?

18. Does anyone have difficulty reading or understanding the English language?

19. The Government is required to prove its case beyond a reasonable doubt. Do you understand that the presumption that a defendant is innocent vanishes when the Government proves its case beyond a reasonable doubt?

20. If the Government proves its case beyond a reasonable doubt, do you have any reason, morally, philosophically or ethically, why you could not go into the jury room and convict the defendant?

21. The law requires that you base your verdict on the facts as you find them to be from the evidence. The law does not permit you to consider any emotion such as sympathy, prejudice, vengeance, fear, or hostility. Do you feel that you are a person who cannot put these emotions out of your mind when deliberating on a verdict?

22. Your duty, as jurors, is to judge guilt or innocence based on the evidence. It is my duty to determine punishment if you return a guilty verdict. The law does not permit you to consider the issue of punishment because there are other factors that have nothing to do with this trial which will determine the lenience or harshness of a sentence. Would you vote "Not Guilty"

no matter what the evidence indicates, merely because this crime may result in a prison sentence even though you do not know whether it will or not?

23. During the trial the Government may call a witness or witnesses who has entered into a cooperation agreement with the Government or State of Connecticut. That is to say, a person who may be facing criminal charges, and may have entered an agreement with the Government with the hope that his cooperation will result in a lesser penalty. This is frequently done in criminal cases and there is nothing improper about it. You, as jurors, would have the opportunity to weigh the credibility of this witness, view any relevant corroboration, and then determine whether you wish to credit all or portions of his testimony. Would any of you be unwilling or unable to consider testimony given by such a witness solely because he is cooperating with the Government and has entered into an agreement with the Government?

24. Has anyone read, seen or heard any news accounts that relate to this prosecution? If so, have you formed an opinion to a degree that you could not be a fair and impartial juror and deliberate solely on the evidence presented at trial?

25. The charge against the defendant in this case involves the alleged illegal possession of a firearm. Is there anything about this charge that would make it difficult for you to serve as a juror and be fair and impartial?

26. You may hear evidence in this case regarding Mr. Mills' possession and sale of narcotics. Have any of you had any personal or family experience, or been made aware of experiences of others, with illegal drugs? Have these experiences resulted in your having negative feelings about the enforcement of laws regarding illegal drugs or individuals who are

involved with them to the extent that you could not be a fair and impartial juror and deliberate solely on the evidence presented at trial?

27. You may hear evidence from witnesses who identify the defendant based upon their observations of him and who identified him at a later date from a photo-array. Can you fairly and impartially evaluate such testimony as you would with any other witness or type of evidence?

27. Is anyone a member of the National Rifle Association, also known as the NRA?

28. Do any of you believe that the firearms laws of the United States are too restrictive or even perhaps unconstitutional?

29. Is there anything about the nature of these charges which would prevent you from being fair and impartial to either side?

30. There are two types of evidence -- one is direct evidence and the other circumstantial evidence. Both types of evidence may be treated equally in your determination of the facts. Is there anyone who could not follow this Court's instructions on the law?

31. You may hear that one or more witnesses have used narcotics. Would this fact, in and of itself, cause you to refuse to consider their testimony and or would you be able to give it whatever weight it deserves, along with the other evidence?

32. I will instruct you that you are not to be influenced by anything you may have seen or heard outside of the courtroom because you as jurors would be in the best position to listen to what the evidence is and to render a verdict on that evidence. Is there anyone who does not feel that they could follow that instruction by the Court?

33. Some people have religious views which prevent them from voting as jurors and in effect being a judge over another person. Do any of you have any religious or other beliefs which would affect your ability to deliberate in this case?

34. If you are selected to sit on this case, is there any reason why you could not render a verdict solely on the evidence presented in this courtroom and the law given you by the Court?

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY


    KAREN L. PECK
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. ct14959
    157 Church Street
    New Haven, Connecticut 06510
    (203) 821-3700

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 11th day of September 2006, I caused a copy of the within and foregoing to be sent by telefax and first-class mail, postage prepaid, to:

Richard S. Cramer, Esq.
449 Silas Deane Highway
Wethersfield, CT 06109

 

_____
KAREN L. PECK
ASSISTANT UNITED STATES ATTORNEY