UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA         :
                                 :
         v.                      :       DOCKET NO. 3:03CR32(PCD)
                                 :
GARY MILLS                       :       October 11, 2006

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The Government submits the following proposed jury instructions for use in the above-captioned case.  The Government has also taken the liberty of attaching a proposed verdict form which is annexed hereto as Exhibit A.

Specific instructions regarding the charged offense are derived principally from Sand, Model Federal Jury Instructions and from Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions.

The Government respectfully requests permission to supplement these proposed instructions as necessary during the course of trial.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

JOHN H. DURHAM
DEPUTY UNITED STATES ATTORNEY
Federal Bar No. ct1 ct05087

KAREN L. PECK
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct14959
157 Church Street
New Haven, Connecticut  06510
(203) 821-3700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of October 2006, I caused a copy of the within and foregoing to be sent by first-class mail, postage prepaid to:

Richard S. Cramer, Esq.
449 Silas Deane Highway
Wethersfield, CT 06109

_____
KAREN L. PECK
ASSISTANT UNITED STATES ATTORNEY

SECTION I:  GENERAL INSTRUCTIONS


<u>OPENING INSTRUCTIONS</u>

Now that the evidence in this case has been presented, the time has come for me to instruct you on the law.  My instructions will be delivered in three parts:  <u>First</u>, some instructions on general rules that define and control the role of the court and the duty of the jury in a criminal case; <u>Second</u>, instructions that define the elements of the offense charged in the Superseding Indictment in this case, <u>i.e</u>, what the Government must prove in order to make its case; and <u>third</u>, some rules and guidelines for your deliberations.

Before we begin, I ask you to review the two documents that each of you found at your seat when you entered a moment ago - - namely, the Indictment in this case and the verdict form.

When we conclude these instructions and you have to deliberate, you will leave the copies you are now reviewing on your chairs.  When deliberating, you will have the original of these documents along with the exhibits admitted in this case.

For the moment, your brief review of these two documents will help you to better understand my instructions and the tasks you will perform when you deliberate.

1

<u>Court's Instructions to the Jury</u>

You have heard all of the evidence in the case and the final arguments of counsel. I shall now instruct you concerning the law applicable to this case.

You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the court. It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

<u>Juror Attentiveness</u>

Ladies and gentlemen, you are about to begin your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. It is important that you pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention now as I instruct you on the law.

## Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or as to what your verdict should be.

4

## Conduct of Counsel

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney, or his client, because the attorney objected to the admissibility of evidence or asked the Court for a ruling on the law.

As I have already indicated, my rulings on the admissibility of evidence do not indicate any opinion as to the effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party, and with an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to the litigation.  By the same token, it is entitled to no less consideration.  All parties, whether the government or individuals, stand equal before the law and are to be dealt with as equals in a court of justice.

<u>Sympathy</u>

Similarly, under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crime charged solely on the basis of the evidence and subject to the law as I charge you. If you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

<u>Improper Considerations: Race, Religion,</u>
<u>National Origin, Sex, or Age</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feeling you may have about the defendant's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I have discussed.

It would be equally improper for you to allow any feeling you might have about the nature of the crime charged to interfere with your decisionmaking process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

8

Sidebar Conference

There have been occasions in this case when one of the attorneys asked to confer with the court out of your hearing. In such situations you, the jury, should not feel slighted.  You are not to muse or venture on what was being discussed. Likewise, you should have no resentment towards the attorney who requested a sidebar conference. In the interests of justice and to expedite a trial, it is perfectly proper that conferences be held right here at this bench between counsel and the court, because this avoids the inconvenience of having the jury file out and file back in again and prevents the jury from becoming confused on technical legal matters.

<u>Burden of Proof, Reasonable Doubt and Presumption of Innocence</u>

I instruct you that you must presume the defendant to be innocent of the crime charged. Thus the defendant, although accused of a crime in the Indictment, begins the trial with a "clean slate" -- with no evidence against him.  The Indictment, as you already know, is not evidence of any kind.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant.  The presumption of innocence alone is sufficient to acquit a defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  A defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense - the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such convincing character that a reasonable person would not

10

hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendant under consideration has committed each and every element of the offense charged in the indictment, you must find him not guilty of the offense.

<u>"Prove" and "Find"</u>
<u>Each Element Must Be Established Beyond Reasonable Doubt</u>

Throughout these instructions to you, I use the word "prove" from time to time, with reference to the government's burden. I also speak of your "finding" various facts as to the elements of the crimes charged in this case.

Throughout my instructions, you should understand that whenever I say that the government has to "prove" a fact to you, I mean that it has to prove that fact to you beyond a reasonable doubt, as I just explained that term to you.

You are to understand my use of the word "prove" to mean "prove beyond a reasonable doubt," even if I do not always repeat these exact words.

Similarly, when I say that you must "find" a fact in order to return a guilty verdict, you must find that fact to have been proved by the government beyond a reasonable doubt, even if I simply use the word "find."

12

<u>What Is and Is Not Evidence</u>

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations.

It is the witnesses' answers that are evidence.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witnesses if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by the court is also not evidence and may not be considered by you in rendering your verdict.  Further, if certain testimony was received for a limited purpose -- such as for the purpose of assessing a witness's credibility -- you must follow the limiting instructions I have given.

What the lawyers have said in their closing arguments, in their objections or in their questions is not evidence.  What they have said in their closing arguments is intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

13

Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

In addition, materials brought forth only to refresh a witness's recollection are not evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

<u>Stipulations In This Case</u>

While we were hearing evidence, you were told that the government and the defendant agreed or stipulated to certain facts.  This is known as a stipulation of fact.  This means simply that they both accept those facts. There is no need for evidence by either side on these points. You must accept the stipulations as facts that have been conclusively proved, even though nothing more was said about it one way or the other. The fact that the government and the defendant have stipulated to or agreed to certain facts should not be viewed by you as any admission of any criminal wrongdoing.

[You also heard that the parties stipulated to testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, a person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.]

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses -- what he sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an

16

established fact the existence or the nonexistence of some other
fact.

Circumstantial evidence has the same value as direct
evidence. Generally, the law makes no distinction between direct
and circumstantial evidence, but simply requires that before
convicting the defendant, the jury must be satisfied of his guilt
beyond a reasonable doubt from all of the evidence in the case.

## Inference Defined (Presumptions)

During the trial as well as in these instructions, you have heard the term "inference," and you have been asked to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. Thus, you may draw such reasonable inferences from the facts as you find to be justified in light of your experience.

18

Witness Credibility -- General Instruction

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. As I have said, you are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues on the charge in the Indictment being tried, in the face of the very different pictures painted by the government and the defense. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross—examination? Was the witness's

19

testimony contradictory? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness's bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness's recollection of the facts stand up in light of all other evidence.

You must decide what is the most accurate, credible, trustworthy, reliable evidence. The weight of the evidence as to a particular fact is not necessarily determined by the number of witnesses or exhibits, nor by which party produced the most witnesses or exhibits. It is the quality of the evidence that supports a finding as to a particular fact that should control,

20

whether that evidence comes from a single source or many sources. Thus, the number of witnesses who support a particular fact are not necessarily controlling.

In sum, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

<u>Law Enforcement Witness</u>

You have also heard the testimony of law enforcement officials.  Bear in mind, however, that the fact that a witness may be employed by the federal, state or local government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

As with all testimony, it is up to you, after reviewing all the evidence, to accord the testimony whatever weight, if any, you find it deserves.

<u>Testimony of Expert Witness</u>

During the trial you heard the testimony of persons described as expert witnesses. A person's training and experience may make him an expert in a particular field. The law allows that person to state an opinion here about matters in the field of his expertise. Merely because an expert witness has expressed an opinion does not mean, however, that you must accept his opinion. The same as with any other witness, it is up to you to decide whether you believe his testimony and choose to rely on it. Part of the decision will depend on your judgment about whether his background or training and experience is sufficient for him to give the expert opinion that you heard. You must also decide whether his opinions were based on sound reasons, judgment, and information.

<u>Witness's Plea and Cooperation Agreements</u>

There has been testimony from government witnesses who have pleaded guilty after entering into agreements with the government or with the State to testify.  The government promised to bring the witnesses' cooperation to the attention of the sentencing courts.

The government and State are permitted to enter into this kind of agreement. I instruct you that there is nothing improper in the government's use of cooperating witnesses. You should not concern yourselves with how you personally feel about the use of such individuals, because that is really beside the point. Put another way, your task is to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt, regardless of whether evidence was obtained by the use of cooperating witnesses.

You, in turn, may accept the testimony of such witnesses and convict a defendant on the basis of this testimony, if it convinces you of that defendant's guilt beyond a reasonable doubt.

Copies of some of the relevant agreements have been offered as evidence. The agreements are largely self—explanatory and I will not attempt to summarize them for you.

You should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any

24

ordinary witness. A witness who realizes that he or she may be able to obtain his or her own freedom, or receive a lighter sentence, by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine such testimony with caution and weigh it with great care. If, after scrutinizing this testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

You have also heard testimony and argument about the nature and effect of the plea and cooperation agreements. That testimony and argument in large measure concerned the witnesses' motivation to testify and their understanding of the agreements. Your sole concern, however, is to evaluate the witnesses' credibility, a matter on which I have just instructed you.

You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that prosecution witnesses have pleaded guilty to similar charges. Those witnesses' decision to plead guilty were personal decisions about their own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

## Accomplice Testimony

You have heard from a witness who has testified that he actually participated in the commission of the crime charged in the Indictment. An accomplice does not become incompetent as a witness merely because of his or her alleged participation in one of the crimes charged. On the contrary, the testimony of one who asserts that he or she is an accomplice may be received in evidence and considered by you and given such weight as you feel it should be given.

There has been a great deal said in the summation of counsel about the accomplice witness and whether you should believe him. The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general instructions on credibility and I will not repeat them all here. Nor will I repeat all of the arguments on both sides. However, let me say a few things that you will want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether this witness would benefit more by lying or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that their interest, would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witness.

<u>Decision of the Accused Not to Testify (If Allocable)</u>

In this case, the defendant has chosen not to testify. The decision of any defendant not to testify on his own behalf does not create any presumption against him. Under our constitution, a defendant has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent. Therefore, you may not attach any significance to the fact that the defendant did not testify and may not consider this in any way in your deliberations.

<u>Defendant's Interest If Defendant Testifies</u>

In a criminal case, a defendant cannot be required to testify, but, if a defendant chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

<u>Statements of a Defendant (if appropriate)</u>

There has been evidence that the defendant made certain statements in which the government claims he admitted certain facts which bear on allegations charged in the Indictment.

In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made.  I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

_____

Sand, Instructions 5-19, 15-20.

<u>Impeachment by Prior Inconsistent Statement (If appropriate0</u>

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purposes of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witnesses testimony.

31

<u>Uncontradicted Testimony</u>

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor or because of the inherent improbability of his or her testimony or for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of an essential element of the offense charged, if you believe that the witness has truthfully and accurately related what in fact occurred.

## Indictment Is Not Evidence

With these preliminary instructions in mind, I will now turn to the charge against the defendant as contained in the Second Superseding Indictment. I remind you that an indictment itself is not evidence. It merely describes the charges made against the defendants. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendant.    In reaching your determination of whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

I will now instruct you on the specific elements of the crime charged.

33

<u>"On or About" - Defined</u>

The Indictment charges that the offense was committed on or about, or in or about, certain dates. The government does not have to prove that the crime was committed on the exact date alleged so long as the government proves beyond a reasonable doubt that the crime was committed on a date reasonably near the one charged.

SECTION II:  <u>ELEMENTS OF THE CHARGED OFFENSES</u>

Let me take a moment at this time to explain the indictment, a copy of which has been provided to you.  A copy of the indictment will be among the materials you will have with you during your deliberations.

You have been provided with a redacted copy of the indictment.  You may not speculate on what has been removed from your consideration.  That is not a matter for you.  Rather, you are being asked to consider one count charging a single offense.

The Indictment charges the defendant Gary Mills, also known as "G Knocker," with being a person convicted of a crime who possessed a firearm shipped in interstate commerce.  The Indictment reads as follows:

[The Government respectfully requests that the Court read the redacted Indictment]

35

Count One:  The Statute

The relevant statute on this subject is Title 18, United States Code, Section 922(g)(1), which provides:

"It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

--------------------

Title 18, United States Code, Section 922(g)(1).

Elements of the Offense

The Government must prove each of the following elements beyond a reasonable doubt in order to sustain its burden of proving the defendant to be guilty:

First, that the defendant was convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year, as charged;

Second, that the defendant knowingly possessed the firearm, as charged; and

Third, that the possession charged was in or affecting interstate commerce.

--------------------

Sand, Instruction 35-46

37

Defendant's Prior Conviction

The first element the Government must prove beyond a reasonable doubt before you can convict is that before the date the defendant is charged with possessing the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In this case, the parties have stipulated that the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.  It has also been stipulated that this felony conviction occurred prior to the time that the defendant is alleged to have possessed the weapon charged in the Indictment.

To satisfy this first element, you need only find beyond a reasonable doubt that the defendant was, in fact, convicted of that crime and that the conviction occurred prior to the time of the possession of the firearm charged in the Superseding Indictment.  It is not necessary that the government prove that the defendant knew that the crime was punishable by imprisonment for more than one year, nor is it necessary for the defendant to have been sentenced to imprisonment for more than one year.

I instruct you, in this connection, that the prior conviction that is an element of the charge here is only to be considered by you for the fact that it exists, and for nothing else.  You are not to consider it for another purpose.  You are not to speculate as to what it was for.  You may not consider the

38

prior conviction in deciding whether it is more likely than not that the defendant was in knowing possession of the gun that is charged, which is the disputed element of the offense.

--------------------

Sand, Instruction 35-47

Scarborough v. United States, 431 U.S. 563 (1977).

## Possession of Firearm

The second element which the government must prove beyond a reasonable doubt is that on or about the dates set forth in the Superseding Indictment the defendant knowingly possessed a firearm.

A "firearm" is any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

To "possess" means to have something within a person's control. This does not necessarily mean that the defendant must hold it physically, that is, have actual possession of it. As long as the firearm is within the defendant's actual possession of a firearm, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the firearm. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the firearm under this element even if he possessed it jointly with another. Proof of ownership of the firearms is not required.

40

To satisfy this element, you must also find that the defendant knowingly possessed the firearm. This means that he possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that he knew that the weapon was a firearm, as we commonly use the word. However, the government is not required to prove that the defendant knew that he was breaking the law.

The Indictment charges that the defendant possessed the firearm from in or about December 2001 to in or about February 2002. In order for you to return a guilty verdict, you need not find that the defendant possessed the firearm during the entire period of time charged in the Indictment. The defendant is guilty of the crime if he possessed, as I have defined that term to you, the firearm at any point in time on or about the dates charged.[1]

--------------------

Sand, Instruction 35-48 and 49

--------------------

[1]In United States v. Rivera, 77 F.3d 1348, 1351-52 (11th Cir. 1996), the court held that "[p]roof of possession of a firearm as a convicted felon on one day within an alleged continuous possession is sufficient to support a conviction." Indeed, given that possession of a firearm by a convicted felon is a continuing offense, the government is ordinarily prohibited from charging separate counts for separate dates of possession, absent evidence that the defendant lost custody or control over the firearm. See United States v. Conley, 291 F.3d 464, 470 (7th Cir. 2002) ("Put another way, the Government may charge and convict an individual of multiple violations of § 922(g)(1) only if 'it can produce evidence demonstrating that the firearms were stored or acquired separately and at different times or places.'")

41

## Firearm In or Affecting Commerce

The third element that the government must prove beyond a reasonable doubt is that the firearm the defendant is charged with possessing was in or affecting interstate commerce.

This means that the government must prove that at some time prior to the defendant's possession, the firearm had traveled in interstate commerce. It is sufficient for the government to satisfy this element by proving that at any time prior to the date charged in the Indictment, the firearm crossed a state line or the United States border. It is not necessary that the government prove that the defendant himself carried it across a state line, nor must the government prove who carried it across or how it was transported. It is also not necessary for the government to prove that the defendant knew that the firearm had previously traveled in interstate commerce.

--------------------

Sand, Instruction 35-49

42

<u>Punishment</u>

I have now concluded the instructions relevant to the specific charge in this case. Before closing, I must add two final notes concerning your deliberations. First, the question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon a defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

## Note Taking

You were permitted to take notes during the course of the trial, and I noticed that some of you have taken notes. Please keep in mind, however, that your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own independent recollection of the proceedings and should not be influenced by the notes of other jurors.

## Conclusion

In closing, I remind you that the government in order to prevail must prove all of the essential elements beyond a reasonable doubt as already explained in these instructions. If the government succeeds, your verdict should be guilty; if it fails, your verdict should be not guilty. In order to return a verdict, it is necessary that each juror agree with and to it. Your verdict, in other words, must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence -- if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case. However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to change your view simply because you are outnumbered.

45

Your final vote must reflect your conscientious conviction as to how the issues should be decided.

During your deliberations you will have the exhibits with you in the jury room. If you want any of the testimony read, this can also be done. But, please remember it is not always easy to locate what you might want, so be as specific as possible in requesting portions of the testimony you may want reread.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreperson and pass the note to the marshal, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you however, that in any communication you might send, you should never state or specify your numerical division at the time.

I am sending a redacted copy of the Indictment into the jury room for you to have during your deliberations. You may use it to read the crime which the defendant is charged with committing. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson.

46

The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations.

The Clerk will make available to you a form for reporting your verdict. When you have reached a verdict, the foreperson should complete the form, sign it and note the date of your verdict. When you have reached your verdict, inform the court through the marshal who will be right outside your door, and you will return to the courtroom where your verdict will be announced; your verdict will not and should not be announced any where else. Please note, there is nothing suggestive about the verdict form -- it is just a way to let you return your verdict. Now, proceed to your deliberations in the jury room, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it to you. Render your verdict fairly, uprightly and without a scintilla of prejudice. Take as long as you think is necessary to fairly and impartially reach your verdict.

The members of the jury may now retire to the jury room.

47

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :
                                  :
          v.                      :    CRIMINAL NO. 3:03CR32(PCD)
                                  :
GARY MILLS                        :

---

**VERDICT FORM**

---

**COUNT ONE**

    As to the charges set forth in Count One of the Indictment, we the jury unanimously find the defendant GARY MILLS, a/k/a "G Knocker":

      \_\_\_\_\_GUILTY                    \_\_\_\_\_NOT GUILTY

    Your deliberations are completed.  Please sign and date this form.

_____    _____
Foreperson                               Date

The Government reserves the right to submit additional and/or revised proposed instructions as the case proceeds through pre-trial and trial.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


KAREN L. PECK
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct14959
157 Church Street
New Haven, CT 06510
(203) 821-3700

2

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Motion and Memorandum to be sent by first-class mail, postage prepaid to the following on this _____ day of October 2006.


Richard S. Cramer, Esq.
250 Hudson Street
Hartford, CT 06106


_____
KAREN L. PECK
ASSISTANT UNITED STATES ATTORNEY

3