UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | NO. 3:03CR32 (PCD) |
| GARY MILLS | : | OCTOBER 16, 2006 |

**DEFENDANT'S MEMORANDUM RE: OPPOSITION
TO GOVERNMENT'S REQUEST TO ADMIT DEFENDANT'S STATEMENT**

By a memorandum dated September 20, 2006, the Government seeks to relitigate the issue of the defendant's oral admission to New Haven police officers on June 18, 2002.  The defendant had previously claimed when this case had been before Judge Squatrito that those statements were taken in violation of his Sixth Amendment right to counsel because an information had been filed in New Haven Superior Court on the day previous to the making of the statements by Mr. Mills.  This issue, along with others, was fully litigated in a suppression hearing before Judge Squatrito in which witnesses were called by the Government and ample opportunity was provided for both sides to submit memorandums of law.

Following the court's decision suppressing the statement because of a violation of the Sixth Amendment, the Government then moved for rehearing.  This motion was also denied by the Court.

The Government subsequently appealed the adverse ruling from Judge Squatrito, and the District Court decision was affirmed by a unanimous panel of the Court of Appeals.  The Government then again moved for reconsideration, and that

request was denied by the Second Circuit.

Now the Government comes in on the eve of trial and claims that a recent Connecticut Supreme Court decision has changed the law and that this Court should now disregard the clear and unequivocal language of the Second Circuit. State v. Pierre, 277 Conn. 42, 890 A2d 474 (2006). The Pierre case states that the "mere signing of an Information by a prosecutor is not the point where the right to counsel attaches". The defendant in Pierre made it clear that the Information had not been filed in the Superior Court at the time he made his incriminating statement. The Court specifically found that the Information was not filed until the actual date of arraignment. Id at 90 n.14. This Court in this case can scarrow the findings of Judge Squatrito and not find a similar specific finding to bring this case within the ambit of the Connecticut Supreme Court's decision in Pierre.

Furthermore, the Court in Pierre did recognize the long held federal Constitutional principle that the Sixth Amendment attaches at the time of an Information and not just at a later date of arraignment. Id at 92, citing Kirby v. Illinois, 406 U.S. 682, 689 (1972). Recognizing the Kirby language which is phrased in the disjunctive, the Pierre Court implicitly recognizes that the formal proceedings of a criminal prosecution may begin at arraignment or at the earlier stage with the filing of the Information. Obviously, the citation in Pierre which subsequently states that the formal charges begin "by arraigning the suspect and filing the Information with the Court..." [emphasis added] would contravene the U. S. Supreme Court's holding in

2

Kirby.  The Connecticut Supreme Court, moreover, does not say it disagrees with Judge Squatrito's ruling in the Mills case, but it finds the use of terms such as "issues" and "filed" confusing.  Judge Squatrito's decision certainly implies a finding that the Information had been filed prior to the arraignment.  *Ruling on defendant's Motion to Suppress at 12 (September 30, 2003)*.  The Second Circuit, in affirming Judge Squatrito's decision, correctly noted that throughout the proceedings in the District Court and on the appeal, "the Government concedes for the purposes of this appeal that this interview violated Mills' Sixth Amendment right to counsel with respect to the State charges".  United States v. Mills, 412 F3d 325, 326 (2d Cir. 2005).  The Second Circuit also recognized without any objection at that time from the Government that Mills was "formally charged" before a statement was taken from him.  Id.  Most significantly, the Court of Appeals found that "four days later [i.e. June 17, 2002], state officials filed an Information charging Mills with multiple firearms violations, including Criminal Possession of a Firearm by a Convicted Felon, Carrying a Pistol without a Permit, and Illegal Transfer of a Firearm".  Id at 327.

Only now after the Pierre decision, supra, does the Government make an effort to change the argument that it always made prior to this time.  Now, for the first time, it takes issues with findings by both the trial court and the appellate court that the Information had been filed at the time of Mills' statement.  In fact, in the Government's Motion for Reconsideration of October 27, 2003, the Government expressly conceded that the Information had been "filed" and its only argument set forth under Section I

3

was that "defendant's Sixth Amendment right to counsel did not attach at the <u>filing</u> of the state Information". [emphasis added].  Throughout its memorandum of October 27, the Government consistently spoke about the Information having been filed.

<u>Conclusion</u>

This Court should now find that <u>Pierre</u> does not state any new concept of the law and should not and cannot alter the Second Circuit mandate suppressing Mills' statement.

Respectfully submitted,

DEFENDANT, GARY MILLS


By:_____
          Richard S. Cramer
          Federal Bar No. ct00016
          250 Hudson Street
          Hartford, CT 06106
          Tel. (860) 560-7704
          Email: cramer@snet.net

**<u>CERTIFICATION</u>**

THIS IS TO CERTIFY that a copy of the foregoing was mailed postage prepaid this 16th day of October 2006 to:

Karen Peck
Assistant U. S. Attorney
P.O. Box 1824
New Haven, CT 06508


_____
Richard S. Cramer

4