UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 3:03CR32 (PCD) |
| v. | : | |
| | : | October 17, 2006 |
| GARY MILLS | : | |

**GOVERNMENT'S MOTION IN LIMINE**
**RE: IMPEACHMENT OF GOVERNMENT WITNESSES**

The Government hereby files this motion in limine, seeking a ruling from this Court limiting the scope of impeachment on cross-examination of the prospective Government witnesses set forth below.

**I.    RAMEEK GORDON**

Rameek Gordon, a prospective Government witnesses, has the following felony convictions, all in Connecticut:

| Date of conviction | Offense | Sentence |
|---|---|---|
| July 2, 1998 | Possession of Narcotics | 2 years' jail |
| October 17, 1995 | Sale of Narcotics<br>No Pistol Permit | 5 years' jail concurrent<br>1 year of jail |

In addition, Mr. Gordon has misdemeanor convictions – he received a 1-year suspended sentence and two years of probation for Interference/Resisting Arrest and for Reckless Endangerment, both occurring at the same time. The conviction for these offenses was on August 16, 2002.[1]

---

[1] An earlier criminal history that was provided to defense counsel some time ago listed charges that were nolle'd on April 30, 2003. Mr. Gordon was arrested in July 2002 on misdemeanor charges, specifically, Criminal Trespass, Illegal Firing of a Firearm, Interference/

The Government respectfully submits that, on the basis of Mr. Gordon's criminal record, the defense should not be permitted to question him about anything other than his felony convictions. Questions concerning his misdemeanor convictions, or about any arrests that did not result in convictions, are not proper grounds for cross examination, and the Government asks that such questions, and any evidence concerning the misdemeanor convictions or the arrests, not be allowed.

In the Second Circuit "it is settled that in a trial a witness' acts of misconduct are not admissible to impeach his credibility unless the acts resulted in the obtaining of conviction." United States v. Semensohn, 421 F.2d 1206, 1208 (2d Cir. 1970); see also United States v. Glasser, 443 F.2d 994, 1002 (2d Cir. 1971); United States v. Acarino, 408 F.2d 512, 515 (2d Cir. 1969); United States v. Bowe, 360 F.2d 1, 14-15 (2d Cir. 1966); United States v. Masino, 275 F.2d 129, 133 (2d Cir. 1960) (prior criminal acts not resulting in a conviction may not be made the subject of direct proof). "It is a general rule that arrest without more does not impeach the integrity nor impair the credibility of a witness because '[arrests] happen[] to the innocent as well as the guilty.'" United States v. Ling, 581 F.2d 1118, 1121 (4th Cir. 1978) (quoting Michelson v. United States, 335, U.S. 469, 482 (1948)). That an arrest alone is generally not admissible to impeach a witness's credibility is based upon a recognition that unproven allegations, by themselves, do not raise an inference of improper actions. See, e.g., United States v. Labarbera, 581 F.2d 107, 108 (5th Cir. 1978); Ling, 581 F.2d at 1121; United States v. Hodnett, 537 F.2d 828, 829 (5th Cir. 1976). Accordingly, "total and complete exclusion" is generally required

---

Resisting Arrest, and Threatening in the Second Degree. All of those charges were nolle'd; thus Mr. Gordon has no convictions for them, and they were purged from his record, as the updated criminal history shows.

because "the probative value of such evidence is so overwhelmingly outweighed by its inevitable tendency to inflame or prejudice the jury." Ling, 581 F.2d at 1121.

The Federal Rules of Evidence are in accord. Rule 609 permits impeachment by evidence of past felony convictions within the preceding ten years subject to the balancing test of Rule 403, and allows impeachment for past misdemeanor convictions only if the crime involved dishonesty or false statement. The rule does not permit admission of alleged crimes for which there has been no conviction. See, e.g., United States v. Wilson, 244 F.3d 1208, 1217-18 (10th Cir. 2001) (Rule 609 does not apply to situations other than a prior conviction, such as an arrest); United States v. Parker, 133 F.3d 322, 327 (5th Cir. 1998); United States v. Abadie, 879 F.2d 1260, 1267 (5th Cir. 1989) (holding that an arrest is generally not admissible to impeach the general credibility of a witness); see also Joseph M. McLaughlin, Jack B. Weinstein and Margaret A. Berger, 4 Weinstein's Federal Evidence §608.20[2] (Rule 609 only applies to conduct if it has resulted in a conviction).

Neither of Mr. Gordon's misdemeanor convictions – for interference and reckless endangerment – can be characterized as involving dishonesty or false statement. See United States v. Estrada, 430 F.3d 606, 614 (2d Cir. 2005) (crimes involving force or "mere stealth" without more do not come within the ambit of Fed. R. Evid. 609(a)(2)); see also United States v. Meserve, 271 F.3d 314, 328 (1st Cir. 2001) (disorderly conduct and assault convictions are not admissible under Rule 609(a)(2)). They therefore are not admissible under Rule 609(a)(2) of the Federal Rules of Evidence. In addition, his arrests on other misdemeanor charges that were subsequently nolle'd do not fall within the scope of Rule 609 and, as the case law makes abundantly clear, are not appropriate areas for cross examination. Obviously, the Government

does not object to questions about the pending federal drug charge for which Mr. Gordon is awaiting sentencing. His guilty plea in that case and his decision to cooperate with federal authorities will be addressed on direct examination and no doubt explored by the defense on cross examination. But state charges that were nolle'd have no connection whatsoever to the pending federal case and have no bearing on Mr. Gordon's credibility as a witness. They, therefore, should not be the subject of any inquiry before the jury.[2]

On a separate matter involving Mr. Gordon, the Government also moves *in limine* to preclude questions that pertain to the molestation of Mr. Gordon when he was a child by a relative, a subject that was raised by Mr. Gordon in a letter he sent to Assistant United States Attorney Karen Peck. The letter addressed a number of issues and pertained in large part to Mr. Gordon's relative who he believed was providing information to federal authorities. A copy of the letter was provided to the defense as it arguably pertained in part to Mr. Gordon's cooperation with federal authorities. The relative mentioned by Mr. Gordon has no involvement in the case against the defendant here, Gary Mills. The subject of his molestation is

---

[2] The chronology of events concerning Mr. Gordon's most recent criminal history is as follows: he was arrested on various misdemeanor charges on March 25, 2002. While that case was pending, he was arrested in July 2002 on additional misdemeanor charges. As noted above, none of the charges from either arrest can be characterized as involving dishonesty or false statement under Rule 609(1)(2). He entered a plea to the March 2002 charges in August 2002 and was placed on probation. In November 2002, while on probation, he was arrested by the FBI on federal drug charges. In April of 2003, the July 2002 charges were nolle'd by the state. The decision to dismiss those charges was made by state authorities alone without input from or consultation with federal authorities.

The Government does not object to questions concerning Mr. Gordon's federal criminal violation or to questions concerning the fact that he committed that offense while he was on probation. Inquiry into the arrests on misdemeanor charges or his subsequent conviction on certain misdemeanor charges are not appropriate areas of inquiry, however.

understandably embarrassing to Mr. Gordon, has no relevance to the case against Gary Mills, and has no bearing on the testimony of Mr. Gordon. Accordingly, we ask that the Court prohibit any inquiry of Mr. Gordon or any other witness about the molestation and his mention of it to the Government.

## II.    JERRY ROLLINS AND PRISCILLA SIMMONS

Mr. Rollins has a single felony conviction. On May 30, 2002, he was convicted in Connecticut of Conspiracy to Sell Narcotics and sentenced to 6 years in jail with 3 years to serve and 3 years of probation. He has been arrested on three other occasions and was convicted of the following misdemeanor charges: (1) Failure to Appear Second Degree on May 30, 2002 (1 year in jail); and (2) Possession of Marijuana on February 19, 2004 (2 counts) (2 months in jail concurrent on each count). All other charges were nolle'd.

Ms. Simmons also has a single felony conviction. She was convicted of Sale of Narcotics on June 6, 2003 and sentenced to a 3-year suspended sentence and 3 years of probation. She has two misdemeanor convictions, both dated April 10, 2000. On that date she was sentenced to time served for Larceny Sixth Degree and Failure to Appear Second Degree. One other misdemeanor charge was nolle'd.

As noted above, Rule 609(a)(1) of the Federal Rules of Evidence generally permits impeachment of a witness with evidence that he or she has been convicted of a felony, subject to the probative-prejudicial balancing test of Rule 403. Convictions of misdemeanors are admissible only if they "involved dishonesty or false statement." Fed. R. Evid. 609(a)(2). Convictions are generally admissible only if they occurred, or the witness was released from confinement, within the last ten years. Fed. R. Evid. 609(b).

Applying these rules to the criminal history of Jerry Rollins, his felony conviction falls within the ten-year window established by Rule 609(b), and is admissible (subject to the probative-prejudice balancing test of Rule 403).  By contrast, his misdemeanor convictions do not include an element of dishonesty or false statement as defined for purposes of Rule 609(a)(2), and are therefore not admissible under that rule.  Marijuana possession, for which Mr. Rollins was convicted, does not involve the element of falsification or deceit that typifies crimes included within the ambit of Rule 609(a)(2).  See United States v. Dunson, 142 F.3d 1213, 1215 (10th Cir. 1998) (noting that Rule 609(a)(2) has been narrowly construed to include crimes such as perjury, false statements, criminal fraud, embezzlement, false pretense and other offenses in the nature of *crimen falsi*).  Neither does a conviction for Failure to Appear, absent evidence that the Mr. Rollins intended not to honor his promise to appear at the time that promise was made.  See United States v. Naylor, 705 F.2d 110, 112 (4th Cir. 1983) (no evidence presented to court of defendant's intention not to appear when promise to appear was made as to conviction for failure to appear; thus was error to admit conviction under Rule 609(a)(2)).  The burden to provide such evidence is on defendant Mills, see Dunson, 142 F.3d at 1216, and the Government is aware of no such evidence.  Accordingly, the Government submits that neither of Mr. Rollins' misdemeanor convictions are admissible for the purpose of impeachment.

With respect to Priscilla Simmons, her felony conviction for Sale of Narcotics arguably is admissible for impeachment under Rule 609.  The Government submits that her misdemeanor convictions are not admissible.  She was convicted for Failure to Appear in the Second Degree, and as noted above, such a conviction would not be admissible absent evidence provided by defendant Mills that Ms. Simmons promised to appear with no intention of abiding by that

promise.  As for her Larceny Sixth Degree conviction, a petit larceny conviction does not fall within the scope of Rule 609(a)(2) absent evidence that the conviction involved deceit or dishonesty.  United States v. Estrada, 430 F.3d at 614-615 (petit larceny conviction for shoplifting did not involve falsity and deceit within the ambit of Rule 609(a)(2)); United States v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977) (petit larceny conviction not within scope of Rule 609(a)(2)).  Given that Connecticut's larceny statute is broad and includes takings of property by a number of different means, see Conn. Gen Stat. §§ 53a-119 & 53a-125b, Ms. Simmons' larceny conviction could only be used if her conduct involved dishonesty or deceit.  Absent such evidence, the conviction does not fall within the ambit of Rule 609(a)(2).

### III.    CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court grant this motion *in limine*, allowing impeachment of the Government's prospective witnesses Rameek Gordon, Jerry Rollins, and Priscilla Simmons, with the fact of their felony convictions only and prohibiting evidence or inquiry about arrests for which there is no conviction and for misdemeanor convictions.  The Government further requests that the Court prohibit inquiry of Mr. Gordon about molestation he suffered as a child, a subject mentioned in a letter he wrote that

was disclosed to the defense.

                                    Respectfully submitted,

                                    KEVIN J. O'CONNOR
                                    UNITED STATES ATTORNEY

                                    KAREN L. PECK
                                    ASSISTANT U.S. ATTORNEY
                                    Federal Bar No. Ct14959
                                    157 Church Street
                                    New Haven, CT  06510
                                    Tel.: (203) 821-3700
                                    Fax: (203) 773-5376

## CERTIFICATE OF SERVICE

    I hereby certify that on this ____ day of October 2006, a true and correct copy of the foregoing Motion was served by fax and first-class mail upon defense counsel:

                                    Richard S. Cramer, Esq.
                                    250 Hudson Street
                                    Hartford, CT 06106

                                    _____
                                    Karen L. Peck, Assistant U.S. Attorney