UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 3:03CR32(PCD) |
| GARY MILLS, a/k/a "G Knocker" | : | October 18, 2006 |

**GOVERNMENT'S MOTION IN LIMINE REGARDING**
**EVIDENCE OF PAST PERIODS OF INCARCERATION**

The Government respectfully submits this Motion in Limine to request an evidentiary ruling in advance of trial as to the following: (1) that witnesses may refer to specific past periods of incarceration served by themselves and/or the defendant Gary Mills at times relevant to the above-captioned case; (2) that the Government may introduce limited documentary evidence that corroborates these witnesses concerning the defendant's incarceration with them at specific periods of time, without revealing the reasons for the defendant's incarceration; and (3) that testimony concerning the defendant's arrest on drug charges in November 2001 is admissible. According to the Government's evidence, the defendant made statements to various witnesses that are relevant to issues in this case while he was in custody. In addition, the fact that the defendant was taken into custody at a certain point in time provides important context for the testimony of certain witnesses concerning when the gun at issue in this case was possessed by the defendant and when he sold the gun to someone else. Finally, the fact that the defendant was previously arrested in a certain location corroborates the testimony of Government witnesses concerning where they met with the defendant to purchase drugs from him and where he was initially given possession of the gun at issue in this case as part of a drug transaction.

The Government submits that references to the defendant's past arrest and incarceration

are admissible to provide background and to give the context for the defendant's statements and for the testimony of the witnesses, and that such evidence is admissible under Rules 404(b) and 403 of the Federal Rules of Evidence.  Further, while the Government does not object to a limiting instruction concerning evidence of the defendant's past arrest and incarceration, it is unlikely that this evidence would be prejudicial as the jury already will be informed that the defendant is a convicted felon, given the nature of the charge against him.

I.      BACKGROUND

The Government intends to introduce evidence of the following.  Michael Rice, who was the registered owner of the gun at issue in this case, will testify that, in late 2001 and early 2002, he had a substantial crack cocaine habit and that he frequented the area of Truman Street and King Place in the Hill section of New Haven to buy crack, primarily from the defendant, Gary Mills.  Rice will identify specific locations where he met with Mills.  In late 2001, he gave Mills three guns, including the gun at issue in this case, in exchange for crack cocaine.

New Haven Police Officer Wayne Bullock will testify that he arrested Mills in November 2001 on drug charges at a location identified by Rice as a place where he purchased crack from Mills.  Mills was released after his November 2001 arrest and remained free on bond until February 23, 2002, when he was taken into custody.  Officer Bullock continued to see Mills in the area of Truman Street and King Place after his November 2001 arrest.

Rameek Gordon will testify that he saw a revolver in Mills' possession in late 2001 or early 2002 and heard from Mills that he obtained the gun from Rice.  Gordon later brokered a sale of this gun, the gun charged in this case, by Mills to Gordon's cousin Arnold Bell in exchange for seven grams of crack cocaine.  The sale took place, according to Gordon, during the

period of time in between Bell's release from federal prison on February 12, 2002 and Mills' incarceration on February 23, 2002. Prison records confirm Gordon's account as to when Bell was released from prison and when Mills was taken into custody. Gordon will further testify that, in late 2002, when Gordon was awaiting a court appearance in a holding cell, Mills approached him in the holding area and talked about Bell. He assured Gordon that he would not discuss the gun he sold to Bell with authorities.

In June 2002, Mills was arrested on state gun charges for the gun at issue in this federal case. The day before his arrest, Mills was questioned by New Haven Police detectives in jail where he was being held on unrelated state charges. Mills signed a Department of Corrections consent form prior to the interview and then spoke with the detectives. The statements he made pertained primarily to his relationship with Michael Rice, a relationship he confirmed to the police. If the Court determines that Mills' statements to the detectives are admissible, the Department of Corrections form would be offered into evidence along with testimony about the statements Mills made.[1]

Mills made another statement while incarcerated that the Government intends to introduce at trial. This statement occurred on June 19, 2002, the day Mills was arrested on state gun charges. In the holding area in the state courthouse, Mills saw Jerry Rollins who was also in custody that day. Mills knew Rollins from the Hill section of New Haven. Mills talked to Rollins about the gun at issue in this case and discussed where he had obtained the gun. Rollins is expected to testify for the Government. Rollins' testimony about where his conversation with

---

[1] The admissibility of these particular statements by Mills are the subject of a pending motion filed by the Government.

Mills took place is corroborated by records from the state judicial marshals, showing that Rollins and Mills were both in the holding area on June 19, 2002 during the same time period.

Each of the statements of Mills is admissible as an admission of a party opponent, pursuant to Federal Rule of Evidence 801(d)(2).  Moreover, the fact that these statements took place in jail is admissible to provide background and context and to corroborate the testimony of witnesses who talked with him while he was incarcerated with them.  The fact of his arrest at a particular location on Truman Street in late 2001, and the date of his subsequent incarceration, that is, February 23, 2002, are relevant as well.  Such evidence corroborates Rameek Gordon's testimony concerning when Mills possessed the gun charged in this case and corroborates Michael Rice about where he met with Mills to exchange the gun for crack cocaine.

## II.     APPLICABLE LAW

The Second Circuit has held that evidence of a defendant's prior incarceration is admissible under Rule 404(b) as background information and to corroborate other evidence.  See United States v. Mauro, 80 F.3d 73, 76 (2d Cir. 1996); United States v. Williams, 577 F.2d 188, 192-193 (2d Cir. 1978).  When such evidence puts criminal acts into context or offers corroboration of testimony from cooperating witnesses, it is admissible.  See United States v. Champion, 813 F.2d 1154, 1172-1173 (11th Cir. 1987).

Under Rule 403, the court must balance the probative value of relevant evidence and exclude it only if its probative value is "substantially outweighed by the danger of unfair prejudice . . . ."  Fed. R. Evid. 403.  In reviewing evidence admitted pursuant to Rule 403, the court will "look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect."  United States v. Rubin, 37 F.3d 49, 53

(2d Cir. 1994).

In this case, the probative value of the defendant's prior arrest and incarceration is *not* substantially outweighed by its prejudicial effect. The fact that the defendant was incarcerated at specific times and/or with specific people, and evidence that he was arrested at a particular location, provides the background for when certain things happened that are pertinent to the case, gives the jury important context for the defendant's statements and for the timing of his possession of the gun, and corroborates the testimony of Government witnesses. Further, admission of such evidence is not unduly prejudicial. As noted above, the jury will already be aware that the defendant is a convicted felon who likely has been incarcerated in the past, given the nature of this case. In addition, the jury will hear, as direct evidence of the crime charged here, that the defendant was a drug dealer, as he obtained the gun at issue in exchange for crack cocaine he was dealing and subsequently sold the gun for a distribution quantity of crack cocaine. Thus, the fact that he had been arrested during the same time period on drug charges is direct evidence of his drug dealing and significant corroboration of the testimony of witnesses who bought drugs from him or were otherwise aware of his drug activities. See United States v. Carrasco, 257 F.3d 1045-1048-1049 (9th Cir. 2001) (drug trafficking evidence admissible in felon-in-possession case); United States v. Thomas, 242 F.3d 1028, 1032-1033 (11th Cir. 2001) (evidence of drug trafficking inextricably intertwined with gun possession and thus admissible).

Further, any unfair prejudice to the defendant can be easily remedied with a proper limiting instruction. See generally, United States v. Livoti, 196 F.3d 322, 325 (2d Cir. 1999); United States v. Araujo, 79 F.3d 7, 8 (2d Cir. 1996).

**III.    CONCLUSION**

Accordingly, for all the reasons set forth above, the Government requests an evidentiary ruling from the Court that: (1) witnesses may refer to specific past periods of incarceration of the defendant as they pertain to statements the defendant made to them while incarcerated; (2) evidence of the defendant's arrest in November 2001 is admissible as evidence of the defendant's drug dealing at particular locations during a period of time directly relevant to his possession of the gun charged in the captioned case; and (3) evidence of the defendant's incarceration on February 23, 2002 is admissible as evidence that provides the context for the date of the defendant's sale of the gun at issue in this case.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY


        KAREN L. PECK
        ASSISTANT U.S. ATTORNEY
        Federal Bar No. Ct14959
        157 Church Street
        New Haven, CT  06510
        Tel.: (203) 821-3700
        Fax: (203) 773-5376

CERTIFICATE OF SERVICE

    I hereby certify that on this ____ day of October 2006, a true and correct copy of the foregoing Motion was served by fax and first-class mail upon defense counsel:

    Richard S. Cramer, Esq.
    250 Hudson Street
    Hartford, CT 06106

    _____
    Karen L. Peck, Assistant U.S. Attorney