UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE |
| | : | |
| v. | : | CASE NO. 3:03cr32PCD |
| | : | |
| GARY MILLS | : | OCTOBER 18, 2006 |

### MEMORANDUM OF LAW IN SUPPORT OF ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT'S MOTION TO QUASH SUBPOENA

### FACTS

The defendant seeks the release of information appearing in unemployment compensation records concerning Michael Rice. A subpoena has been served on the Connecticut Department of Labor for that purpose. The administrator files this motion to quash in response.

### ARGUMENT

### RELEASE OF THE INFORMATION UNLESS ORDERED BY THE COURT IS PROHIBITED BY FEDERAL AND STATE LAW BECAUSE IT IS PRIVILEGED

Federal law establishes that the information sought is privileged. A U.S. Department of Labor unemployment insurance program policy letter dated June 10, 1997, states that such information is considered confidential and not subject to disclosure to a private party. This is pursuant to the provisions of the Social Security Act.

> It has been the Department's longstanding interpretation of Sections 303(a)(1) and 303(a)(8), SSA, that the UC information is confidential and except as noted in item 6 [section on exceptions]

1

> below, is not subject to disclosure. The basis for this prohibition is that disclosure may discourage individuals claiming benefits from exercising their rights under the law, may deter employers from furnishing information necessary for UC program operations, may impede the 'proper and efficient administration' of the UC program and may create notoriety for the UC program if the information were misused. Any publicity could have disrupting effects on the operations of the State agency and effect the agency's mission of insuring claimants 'full payment of unemployment compensation when due.'

A copy of this policy letter is attached to this brief. Section 303(a)(8) requires that each of the states, as a condition to receive administrative grants, provide for the 'proper and efficient administration of law."

The relevant exception addressed in the policy letter is that the information may be released only if a motion to quash a subpoena seeking the information is denied. The agency is required to file the motion to quash asserting that the information is privileged as is explained in the policy letter.

Nondisclosure consistent with the USDOL policy is also required by state law. Connecticut General Statutes § 31-250(b) provides:

> [i]n the administration of this chapter, the administrator shall cooperate with the United States Department of Labor to the fullest extent consistent with the provisions of this chapter, and shall take such action, through the adoption of appropriate rules, regulations, administrative methods and standards, as may be necessary to secure to this state and its citizens all advantages available under the provisions of the Social Security Act that relate to unemployment compensation, the federal Unemployment Tax Act, the Wagner-Peyser Act, and other appropriate federal law.

Nondisclosure is also required by the terms of Conn. Gen. Stat. Sec. 31-254. The employer record sought "shall not be published or open to public inspection, other than to public employees in the performance of their public duties" by this statute.

## CONCLUSION

The motion to quash should be granted because the information is privileged.

ADMINISTRATOR, UNEMPLOYMENT
COMPENSATION ACT

RICHARD BLUMENTHAL
ATTORNEY GENERAL

William J. McCullough
Assistant Attorney General

BY: _____
Thadd A. Gnocchi
Assistant Attorney General
~~Juris No. 85123~~ ct 08374
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5050
Fax: (860) 808-5388

3

## CERTIFICATION

I hereby certify that a copy of the Memorandum of Law in Support of Administrator, Unemployment Act's Motion to Quash was mailed and faxed to the following this 18th day of October, 2006, to:

Michael S. Cramer
449 Silas Deane Highway
Wethersfield, CT 06109
Fax No.: (860) 257-3500

                                                  Thadd A. Gnocchi
                                                  Assistant Attorney General

4

| | |
|---|---|
| U. S. Department of Labor<br>Employment and Training Administration<br>Washington, D.C. 20210 | CLASSIFICATION<br>UI |
| | CORRESPONDENCE SYMBOL<br>TEUL |
| | DATE<br>June 10, 1997 |

DIRECTIVE      :  UNEMPLOYMENT INSURANCE PROGRAM LETTER NO. 34-97

TO             :  ALL STATE EMPLOYMENT SECURITY AGENCIES

FROM           :  GRACE A. KILBANE
                  Director
                  Unemployment Insurance Service

SUBJECT        :  Disclosure of Confidential Unemployment Compensation Information

1. **Purpose.** To advise States of the Department of Labor's (Department) interpretation of Federal law regarding the basic confidentiality and disclosure requirements for the Federal-State unemployment compensation (UC) program and to announce that the Department is planning to move ahead with development of a rule.

2. **References.** Sections 303(a)(1) and 303(a)(8) of the Social Security Act (SSA); Income and Eligibility Verification System (IEVS) regulations at 20 CFR Part 603; Unemployment Insurance Program Letter (UIPL) No. 52-80, dated September 9, 1980 (disclosure to food stamp agencies and to child support enforcement agencies); UIPL No. 12-87, dated March 11, 1987 (disclosure to agencies participating in a State IEVS); UIPL No. 11-89, dated January 5, 1989 (disclosure to the Department of Housing and Urban Development and to representatives of a public housing agency; this disclosure provision expired on October 1, 1994); UIPL No. 23-96, dated May 31, 1996 (disclosure to private entities); UIPL No. 37-96, dated September 25, 1996 (disclosure to child support enforcement agencies and redisclosure to an agent, and disclosure to the Secretary of Health and Human Services for purposes of the National Directory of New Hires operated by the Federal Parent Locator Service).

| | |
|---|---|
| RESCISSIONS<br>None | EXPIRATION DATE<br>Continuing |

2

3. **Background.** For a number of years, State UC agencies have been seeking guidance concerning the permissible disclosure of UC information, particularly in the areas of payment of costs and safeguarding information. Accordingly, the Department published a Notice of Proposed Rulemaking (NPRM) in the Federal Register (57 FR 10064) on March 23, 1992, on the confidentiality and disclosure of State records compiled or maintained for the purposes of the Federal-State UC program. Just over 100 responses were received from various interested parties. As an interim step, until the rule is published, the Department is issuing this UIPL.

4. **Rulemaking.** The Department will seek to place in regulations all of the requirements of statutory provisions relating to the confidentiality and disclosure of State records compiled or maintained for the purposes of the Federal-State UC program. The aim of the rule will be to prescribe comprehensive requirements for protecting the confidentiality of State records collected for the purposes of the Federal-State UC program, define the limits on the rule of confidentiality, set forth the statutorily required and permitted exceptions to the rule of confidentiality, and prescribe the conditions under which the required and permitted disclosures shall or may be made. Among the various issues to be discussed in the rule will be disclosure to governmental entities and "quasi" governmental entities and redisclosure to private entities acting as agents for governmental entities, as well as issues raised in response to the NPRM.

Until a rule is issued, this UIPL, the UIPLs cited above in item 2, References, other UIPLs subsequently issued and 20 CFR Part 603 are the Department's interpretation of Federal law with respect to confidentiality and disclosure.

5. **Interpretation.** The basic confidentiality requirement for the Federal-State UC program has its origin in the beginning of the program and is derived from Sections 303(a)(1) and 303(a)(8), SSA. It pertains to information required from individuals and employers or employing units for the purposes of the administration of the revenue and benefit provisions of State UC laws, hereafter "UC information." It applies to State UC agencies and the entire executive branch of State government.

Section 303(a)(1), SSA, requires, as a condition for a State to receive administrative grants, that the State law provide for:

> [s]uch methods of administration . . . as are found by the Secretary of Labor to be reasonably calculated to insure full payment of unemployment compensation when due.

ction 303(a)(8), SSA, requires, as a condition for a State to receive administrative ants, that the State law provide for:

3

> the expenditure of all moneys received . . . solely for the purposes and in the amounts found necessary by the Secretary of Labor for the proper and efficient administration of such State law . . . .

It has been the Department's longstanding interpretation of Sections 303(a)(1) and 303(a)(8), SSA, that UC information is confidential and, except as noted in item 6 below, is not subject to disclosure. The basis for this prohibition is that disclosure may discourage individuals claiming benefits from exercising their rights under the law, may deter employers from furnishing information necessary for UC program operations, may impede the "proper and efficient administration" of the UC program, and may create notoriety for the UC program if the information were misused. Any publicity could have disrupting effects on the operations of the State agency and effect the agency's mission of insuring claimants "full payment of unemployment compensation when due."

<u>Exceptions</u>. Following are exceptions to the rule of confidentiality.

2. <u>Disclosure to Public Officials – Permissible</u>. UC records may be disclosed to federal, State and local public officials, including law enforcement officials, in the administration or enforcement of a law by the public official. The Department encourages such disclosure in the interest of effective government. This disclosure of records to public officials is permitted only under the following conditions:

* Disclosure of the specific record(s) requested is permitted by the State law of the State to which the request is made.

* Such disclosure would not significantly hinder or delay the processing of UC claims or other UC activities, and such disclosure would not impede the efficient administration of the State UC law.

* The use of the disclosed information is limited to official governmental duties.

* If disclosure entails more than casual or incidental staff time, arrangements are made for the reimbursement of the costs involved in providing the information.

4

b. <u>Disclosure to Public Officials - Required</u>. Several specific provisions of Federal law require disclosure of UC information to certain governmental entities, which are food stamp agencies, child support enforcement agencies, the National Directory of New Hires and agencies participating in a State IEVS. This UIPL will not discuss these requirements as they have already been addressed in 20 CFR Part 603 and the various UIPLs cited above in Item 2, <u>References</u>.

c. <u>Disclosure to Private Entities - UIPL No. 23-96</u>. UC information may be disclosed to a private entity under a written agreement which requires "informed consent" from the individual to whom the information pertains, safeguards the information once it is in the hands of the private entity and closely restricts or prohibits further dissemination, and requires the private entity to pay all costs associated with disclosure. Consent is not informed if an individual is not told that governmental records, including a State's records, may be released and to whom the information may be provided. A more complete discussion is found in UIPL No. 23-96.

d. <u>Subpoenas</u>. Where a subpoena requests the disclosure of confidential UC information that is not permitted to be disclosed to the party seeking it, disclosure is permitted only after a motion to quash, on the grounds that it is privileged UC information, has been overruled by a court. This is because, while subpoenas may be issued by a public official (e.g., a clerk of court), they are generally requested for a private party, such as a claimant or an employer. Cooperation with law enforcement officials is encouraged so that there should be no need for these officials to rely upon subpoenas.

7. <u>Action Required</u>. State administrators are requested to provide the above information to appropriate staff.

8. <u>Inquiries</u>. Direct questions to the appropriate Regional Office.